[Cite as *State v. Taylor*, 2011-Ohio-6493.]

COURT OF APPEALS
STARK  COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon.  W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon.  Sheila G. Farmer, J. |
| | : | Hon.  Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 2011CA00090 |
| PIERRE R. TAYLOR | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Stark County Court of
Common Pleas Case No. 2010CR1817

JUDGMENT:                                   AFFIRMED

DATE OF JUDGMENT ENTRY:       December 12, 2011

APPEARANCES:

For Plaintiff-Appellee:                           For Defendant-Appellant:

RONALD MARK CALDWELL              BERNARD L. HUNT
Assistant Prosecuting Attorney          2395 McGinty Road N.W.
110 Central Plaza, South-Suite 510    North Canton, Ohio  44720
Canton, Ohio  44702

*Delaney, J.*

{¶1} This is an appeal from a judgment of the Stark County Court of Common Pleas following a jury verdict finding Defendant-Appellant Pierre Taylor guilty of robbery, resisting arrest and unauthorized use of a motor vehicle.

{¶2} Appellant was indicted on January 3, 2011 and charged with theft, R.C. 2913.02(A)(1), a felony of the fifth degree, resisting arrest, R.C. 2921.33(A), a misdemeanor of the second degree, and unauthorized use of a motor vehicle, R.C. 2913.03(A), a misdemeanor of the first degree. By superceding indictment, the charge of theft was changed to robbery, R.C. 2911.02(A)(3), a felony of the third degree, on February 23, 2011.

{¶3} Appellant entered a plea of not guilty of all charges and exercised his right to a jury trial. By verdicts rendered on March 4, 2011, Appellant was found guilty of all charges. Appellant was sentenced to a total prison term of 5 years.

{¶4} Appellant timely filed a notice of appeal and sets forth a single assignment of error:

{¶5} "I. THE CONVICTION OF THE DEFENDANT-APPELLANT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE PRESENTED AT TRIAL.

{¶6} In determining whether a conviction is against the manifest weight of the evidence, the court of appeal functions as a "thirteenth juror," and after "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Thompkins* (1997), 78

Ohio St.3d 380, 387, 678 N.E.2d 541.   Reversing a conviction as being against the manifest weight of the evidence and ordering a new trial should be reserved for only the "exceptional case in which the evidence weights heavily against the conviction" *Id.*

{¶7}   Appellant's challenge to the evidence is general in nature and not specific as to any element of the offenses of which he was convicted. The State has construed Appellant's assignment of error to challenge only his robbery conviction, and this Court will do so as well.

{¶8}   Appellant was convicted of robbery, pursuant to R.C. 2911.02(A)(3), which states:

{¶9}   "No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:

{¶10}   " * * * Use or threaten the immediate use of force against another."

{¶11}   A "theft offense" under the robbery statute includes the taking of property without the consent of the owner. R.C. 2913.02(A)(1).

{¶12}   At trial, the State presented the testimony of Wal-Mart Loss Prevention Officer Jessica Trusty, a six-year employee.   Trusty testified that she working at the Wal-Mart store in Alliance, Ohio in the afternoon of November 27, 2010, when she observed the Appellant placing an unusual amount of sportswear into a shopping cart. She also observed Appellant select a pair of shoes from the shoe department, put them on, and put his old shoes into the shoe box.  Appellant also placed two large totes in the cart and placed merchandise into the totes.  He put on a Pittsburgh Steelers jacket and hat, and placed merchandise into the coat pockets.

{¶13} Trusty contacted the Alliance Police Department as she proceeded to observed Appellant, who appeared very nervous and skittish.

{¶14} Trusty followed Appellant as he wheeled the cart past the checkout counters and exit through the first set of store doors. At this point, Trusty and another Loss Prevention Officer Tobias Young attempted to stop Appellant and told him they wished to talk with him. Appellant stated he did not have anything to talk about and pushed the cart towards them.

{¶15} Officer Jeff Cook from the Alliance police arrived at that moment and told Appellant he was going to be placed under arrest. An off-duty Alliance detective shopping at the store, Steven Minich, also observed the incident and attempted to assist Officer Cook before other police arrived. Appellant attempted to push away from the officers and he was taken to the ground. He attempted to kick the officers and was stunned with a taser.

{¶16} Officer Michael Donley testified he was working patrol and received a shoplifting report from Wal-Mart and went to the scene. He observed Officer Cook and Detective Minich attempt to subdue Appellant in the vestibule area of the store after the first set of doors. He tasered Appellant due to this combative behavior so he could be handcuffed. He acknowledged on cross-examination that a person can move involuntarily when tasered.

{¶17} An inventory of the merchandised taken by Appellant was rung up by Wal-Mart employees. The receipt totaled 47 items valued at $815, not including tax.

{¶18} In addition to the above testimony, portions of the Appellant's activities in the store and arrest were captured on store surveillance cameras and introduced into evidence on a DVD (State's Exhibit 1).

{¶19} On appeal, Appellant argues Officer Trusty's testimony was not credible and should be disregarded. First, he contends that Officer Trusty conceded that other customers who leave the store with unpaid merchandise have not been arrested. Second, her testimony of certain prices on the receipt was incorrect (i.e. the Steelers jacket rang up as $50 when it actually cost $52; the pair of shoes rang up as $30.85 but listed on the police report as $30.87).

{¶20} However, based upon a thorough review of the record, there is no indication that the jury clearly lost its way in determining that the State's evidence, as a whole, was believable.

{¶21} Appellant's actions, as shown on the DVD and through the testimony of Officer Trusty, in putting on and wearing store clothes, placing merchandise in his pockets, and then proceeding through the door without paying supports the jury's finding that Appellant took Wal-Mart property without consent. Appellant then pushed the store cart toward the officers and physically attempted to thwart the officers' efforts to detain him. Thus, evidencing the use of force while attempting or committing a theft offense.

{¶22} In reviewing the weight of the evidence, we determine that the greater amount of credible evidence supports the verdict and, therefore, we cannot say that the factfinder clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

{¶23} The Assignment of Error is overruled.

{¶24} Appellant's conviction in the Stark County Court of Common Pleas is affirmed.

By: Delaney, J.

Gwin, P.J. and

Farmer, J. concur.

_____
HON. PATRICIA A. DELANEY


_____
HON. W. SCOTT GWIN


_____
HON. SHEILA G. FARMER

[Cite as *State v. Taylor*, 2011-Ohio-6493.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| PIERRE R. TAYLOR | : | |
| | : | |
| Defendant-Appellant | : | Case No. 2011CA00090 |
| | : | |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to Appellant.

_____

HON. PATRICIA A. DELANEY

_____

HON. W. SCOTT GWIN

_____

HON. SHEILA G. FARMER